UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WALTER ANDRES BARRIOS OSORIO,<br><br>                  Petitioner,<br><br>        v.<br><br>PAMELA BONDI et al.,<br><br>                  Respondents. | CASE NO. 2:26-cv-00317-JNW<br><br>ORDER GRANTING IN PART HABEAS CORPUS PETITION |

## 1.  INTRODUCTION

Petitioner Walter Andres Barrios Osorio, proceeding pro se and in forma pauperis, petitioned the Court for a writ of habeas corpus. Dkt. No. 5. He also filed a motion for a temporary restraining order to enjoin his deportation to El Salvador and to allow him two years to pursue "his administrative remedies." Dkt. No. 2 at 2.

The Court GRANTS in part the habeas petition and DENIES the motion for a temporary restraining order, without prejudice.

## 2.  BACKGROUND

Osorio is a citizen of El Salvador. He entered the United States without inspection or admission at an unknown place and time. Dkt. No. 9 ¶ 4. On August

ORDER GRANTING IN PART HABEAS CORPUS PETITION - 1

26, 2025, federal agents executing a residential search warrant at a home in Edmonds, Washington, encountered Osorio and took him into custody. Dkt. No. 10-1 at 3. He was transferred that same day to the Northwest ICE Processing Center ("NWIPC"), where he remains detained. Also that same day, Osorio was issued a Notice to Appear charging him as a "[noncitizen] present in the United States who has not been admitted or paroled." Dkt. No. 10-2 at 2. The Notice to Appear did not designate Osorio as an "arriving alien." *Id.*

On November 6, 2025, an immigration judge ordered Osorio removed to El Salvador. Dkt. No. 10-3 at 4. Osorio appealed the removal order to the Board of Immigration Appeals ("BIA"). He contends the BIA "has issued a stay of removal," Dkt. No. 5-1 at 2, while Respondents contend the appeal remains pending. Dkt. No. 9 ¶ 14.

On December 17, 2025, an immigration judge denied Osorio's request for a bond hearing, finding the immigration court lacked jurisdiction because Osorio was subject to mandatory detention under 8 U.S.C. § 1225(b). Dkt. No. 10-4. The immigration judge also stated, in the alternative, bond would be denied even if the court had jurisdiction. *Id.* The order does not identify the basis for this alternative finding—none of the relevant boxes were checked, and no explanation was provided. *Id.*

## 3.  DISCUSSION

### 3.1  Osorio is not subject to mandatory detention under 8 U.S.C. § 1225(b) and is entitled to a bond hearing under 8 U.S.C. § 1226(a).

The central question is which detention statute governs Osorio's custody. Respondents argue he is subject to mandatory detention under 8 U.S.C. § 1225(b), and its implementing regulations, 8 C.F.R. § 235 *et seq.*, which applies to "applicants for admission" to the United States. Dkt. No. 8 at 3–5. Osorio contends—and the Court agrees—that he is detained under 8 U.S.C. 1226(a), the default detention provision for noncitizens already present in the United States. *Jennings v. Rodriguez*, 583 U.S. 281, 303 (2018). Under Section 1226(a), Osorio is eligible for a bond hearing.

Section 1225 governs the inspection and processing of noncitizens at the border. *Id.* at 287. It applies to noncitizens who are "applicants for admission," and subjects those who are "seeking admission," but "not clearly and beyond a doubt entitled to be admitted," to mandatory detention pending removal proceedings. 8 U.S.C. § 1225(b)(2)(A). Section 1226(a), by contrast, is the "default rule" for noncitizens present in the United States who are arrested and placed in immigration detention. *Jennings*, 583 U.S. at 303. It permits the government to release a detainee on bond during the pendency of removal proceedings. *Id.*

The statutory text of Section 1225(b)(2)(A) requires that a noncitizen be "seeking admission"—a present-tense activity describing the act of presenting oneself at the border and asking to be allowed into the country. The phrases "an alien who is an applicant for admission" and "an alien seeking admission" are not

synonymous; the first describes a status that may persist over time, while the second describes a current activity. *See Rodriguez Vazquez v. Bostock*, 802 F. Supp. 3d 1297, 1327–28 (W.D. Wash. 2025); *Torres v. Wamsley*, 807 F. Supp. 3d 1266, 1270–71 (W.D. Wash. 2025). A noncitizen who has been residing in the United States and is arrested in the interior of the country is not "seeking admission" within the meaning of Section 1225(b)(2)(A).

Applying these principles, Osorio is not subject to mandatory detention under § 1225(b). He was arrested at his home in Edmonds, Washington—not a port of entry or the border. Dkt. No. 10-1 at 3. He was residing in the United States, not seeking admission. The Government's records confirm as much. The Notice to Appear charged Osorio as a noncitizen "present in the United States who has not been admitted or paroled" and expressly *declined* to classify him as an "arriving alien." Dkt. No. 10-2 at 2. *See Cotoc Yac De Yac v. Hermosillo*, 2:25-cv-02593-DGE-TLF, 2026 WL 124334, at *3 (W.D. Wash. Jan. 16, 2026) (relying on identical NTA language as evidence noncitizen was not "seeking admission"); *Garcia Gabriel v. Hermosillo*, 2:25-CV-02594-DGE-GJL, 2026 WL 194233 at * 3 (W.D. Wash. Jan. 26, 2026) (finding same).

Respondents' reliance on *Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330 (5th Cir. Feb. 6, 2026) is unpersuasive. *Buenrostro-Mendez* is not binding, and as the dissent acknowledges, "The overwhelming majority of courts in [the Fifth Circuit] and elsewhere have recognized that the government's position [on 8 U.S.C. § 1225(b)(2)(A)] is totally unsupported." 2026 WL 323330, at *10.

ORDER GRANTING IN PART HABEAS CORPUS PETITION - 4

The Court concludes that Osorio is not subject to mandatory detention under Section 1225(b) and is instead detained under Section 1226(a), which entitles him to a bond hearing.[1]

### 3.2    The Immigration Judge's bond denial.

On December 17, 2025, an immigration judge denied Osorio's bond request, citing lack of jurisdiction under Section 1225(b)(2). Dkt. No. 10-4. The judge also made an alternative finding that bond would be denied even if jurisdiction existed, but the order provides no explanation for this alternative conclusion. *Id.* at 2.

Federal courts generally lack jurisdiction to review discretionary bond determinations. 8 U.S.C. § 1226(e). But Section 1226(e) does not preclude judicial review of constitutional claims or legal errors. *Rodriguez Diaz v. Garland*, 53 F.4th 1189, 1209 (9th Cir. 2022) ("Although the [immigration judge's] discretionary bond determination was not reviewable in federal court..., we would have had jurisdiction under 28 U.S.C. § 2241 to consider any error of law in [a noncitizen's] agency proceedings, including any claimed due process violation."). "[A] district court has jurisdiction to review an [immigration judge's] discretionary bond denial where that bond denial is challenged as legally erroneous or unconstitutional." *Kharis v. Sessions*, No. 18-CV-04800-JST, 2018 WL 5809432, at *4 (N.D. Cal. Nov. 6, 2018) (collecting cases).

---

[1] Because the Court resolves this case on statutory grounds, it need not reach Respondents' argument that Osorio's detention has not become unconstitutionally prolonged under the framework set forth in *Banda v. McAleenan*, 385 F. Supp. 3d 1099 (W.D. Wash. 2019).

ORDER GRANTING IN PART HABEAS CORPUS PETITION - 5

Here, the immigration judge's main ruling—that the court lacked jurisdiction under Section 1225—was legally erroneous for the reasons detailed above. That error necessarily infected the alternative finding. The record shows that the judge did not consider any of the relevant factors typically considered on a bond determination, "including the individual's ties to the United States, as well as his employment history, criminal record, history of immigration violations, and manner of entry into this country." *Rodriguez Diaz*, 53 F.4th at 1197 (citing to *In re Guerra*, 24 I. & N. Dec. 37, 40 (B.I.A. 2006)). None of the relevant boxes on the form order were checked, and no written findings were made. Dkt. No. 10-4 at 2.

Respondents concede that the "the IJ did not provide further explanation," yet they invite this Court to infer that the alternative denial was justified based on Osorio's alleged "involvement in a [Drug Trafficking Organization] suspected for illegal distribution of controlled substances." Dkt. No. 8 at 13–14; Dkt. No. 9 ¶ 5. The Court declines the invitation. An unexplained alternative ruling, made under the wrong legal framework, cannot serve as an independent basis for continued detention. The appropriate remedy is a new bond hearing conducted under the correct statute, at which the government may present whatever evidence of dangerousness or flight risk it chooses. This order does not prejudge the outcome of that hearing.

### 3.3    Osorio need not exhaust his administrative remedies before seeking habeas relief.

Respondents contend the Court should deny Osorio's petition because he did not appeal his bond denial to the BIA. As Respondents acknowledge, the exhaustion of administrative remedies is not a jurisdictional prerequisite for habeas petitions. *Hernandez v. Sessions*, 872 F.3d 976, 988 (9th Cir. 2017).

The Court declines to require prudential exhaustion under the factors set forth in *Puga v. Chertoff*, 488 F.3d 812, 815 (9th Cir. 2007). Those factors favor exhaustion when "(1) agency expertise makes agency consideration necessary to generate a proper record and reach a proper decision; (2) relaxation of the requirement would encourage the deliberate bypass of the administrative scheme; and (3) administrative review is likely to allow the agency to correct its own mistakes and to preclude the need for judicial review." *Id.* (quoting *Noriega–Lopez v. Ashcroft*, 335 F.3d 874, 881 (9th Cir. 2003)). None of those conditions are present here.

The question presented is purely legal in nature—which detention statute applies to a noncitizen arrested inside the country. An administrative record is not necessary to resolve that question. *Singh v. Holder*, 638 F.3d 1196, 1203 n.3 (9th Cir. 2011) (holding administrative record was not necessary to decide petitioner's challenge to the constitutionality of procedures). Because the question presented is purely legal and does not require further administrative development, the Court waives the prudential exhaustion requirement. *See Laing v. Ashcroft*, 370 F.3d 994, 1000 (9th Cir. 2004) (a court may waive the prudential exhaustion requirement if

ORDER GRANTING IN PART HABEAS CORPUS PETITION - 7

"administrative remedies are inadequate or not efficacious, pursuit of administrative remedies would be a futile gesture, irreparable injury will result, or the administrative proceedings would be void.").

### 3.4    Scope of relief.

Osorio's petition requests release under an order of supervision or in the alternative a bond hearing before an immigration judge. Dkt. No. 5-1 at 6. Consistent with the approach taken by courts in this district, the Court finds that the appropriate remedy here is a bond hearing before an immigration judge rather than immediate release. *See, e.g.*, *Mitka v. ICE Field Off. Dir.*, No. C19-193-MJP-BAT, 2019 WL 5901970, at *4 (W.D. Wash. Sept. 6, 2019) ("[p]etitioner is not entitled to an order of release, but he is entitled to a bond hearing[,]" and ordering a bond hearing within thirty days);  *Martinez v. Clark*, No. C-18-1669-RAJ-MAT, 2019 WL 5968089, at *6 (W.D. Wash. May 23, 2019), adopted, 2019 WL 5962685 (W.D. Wash. Nov. 13, 2019) (ordering a bond hearing within thirty days).

At the bond hearing, Respondents bear the burden of establishing, by clear and convincing evidence, that Osorio presents a flight risk or a danger to the community at the time of the bond hearing. *Singh*, 638 F.3d at 1208. If Respondents fail to provide Osorio a constitutionally adequate hearing within fourteen days of this order, he must be immediately released. *Jimenez v. Wolf*, No. 19-CV-07996-NC, 2020 WL 1082648, at *4 (N.D. Cal. Mar. 6, 2020) (ordering the petitioner's immediate release on appropriate conditions where the respondents did not provide

ORDER GRANTING IN PART HABEAS CORPUS PETITION - 8

a constitutionally compliant bond hearing after the court granted the petitioner's habeas petition and ordered a bond hearing).

### 3.5    The motion for a temporary restraining order is denied without prejudice.

Finally, on January 26, 2026, Osorio filed a motion for a temporary restraining order, seeking to enjoin Respondents from removing him to El Salvador and requesting two years to "perfect[] his administrative remedies." Dkt. No. 2. Osorio has not alleged sufficient facts showing that Respondents have imminent plans to remove him to El Salvador. He also has not shown why he needs an order granting him two years to pursue his administrative immigration court remedies. Respondents acknowledge that Osorio's removal order to El Salvador is pending with the BIA and do not assert any immediate plans for removal. On this record, the Court DENIES the motion without prejudice. If Osorio's circumstances change and removal becomes imminent, he may file a renewed motion.

## 4.   CONCLUSION

Accordingly, the Court orders as follows.

1. The Petition for a Writ of Habeas Corpus is GRANTED in part. Dkt. No. 5.

2. Within FOURTEEN (14) days of this order, Respondents must either provide Petitioner with a constitutionally adequate bond hearing under 8 U.S.C. § 1226(a) or release him under an appropriate order of supervision.

ORDER GRANTING IN PART HABEAS CORPUS PETITION - 9

3. If the individualized bond hearing is not conducted within fourteen days of this order, Respondents MUST immediately release Petitioner under appropriate conditions of supervised release.

4. Respondents are ENJOINED from denying a bond hearing on the basis that Petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b). Petitioner is not subject to that provision.

5. Petitioner's motion for a temporary restraining order is DENIED without prejudice.

6. Because the Court grants the petition, the motion for an extension of time to file the traverse is DENIED as moot. Dkt. No. 11.

Dated this 4th day of March, 2026.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING IN PART HABEAS CORPUS PETITION - 10